IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | Case No. 2:22-CR-120 |
| | ) | |
| **JORDAN DEANDRE BAILEY**, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SUPPRESS

Pursuant to Rules 12 and 47 of the Federal Rules of Criminal Procedure and Local Criminal Rules 12 and 47 of the Local Rules of the Eastern District of Virginia, the defendant, Jordan Deandre Bailey ("Bailey"), by counsel, moves this Court for entry of an Order barring the government from introducing into evidence the firearm recovered from his vehicle on the night of April 28, 2022. The search of Bailey's vehicle was nonconsensual and unreasonable and thus violated his rights under the Fourth Amendment and Fourteenth Amendments and the evidence recovered in that search must be suppressed.

### BACKGROUND FACTS

On the evening of April 28, 2022, Officers A. Sinnott and M. Cashdollar were working traffic patrol in Virginia Beach. Around 10:45 p.m., they stopped the defendant Jordan Bailey for driving an automobile without a front license plate. Sinnott approached Bailey, the driver of the vehicle, and asked him the routine questions of a traffic stop. In response to one question, Bailey stated that he did not have a driver's license in his possession, but instead provided his social security number to the officer. The officer returned to his vehicle to determine the status of Bailey's license. When he

ran Bailey's social security number, the officer learned that Bailey's driver's license had been suspended.

Sinnott walked back to the driver's side of Bailey's car and asked Bailey to step out of the car to talk about his license.  As Bailey stepped out of the car, Sinnott asked if he could search him (Bailey) for weapons for officer safety and Bailey agreed.  Officer Sinnott wedged himself in front of the car door after Bailey stepped out of the car so Bailey could not close the door.  He then directed Bailey to the back of his police cruiser where Cashdollar was located.  Bailey walked to the back of his car, whereupon Sinnott scanned the inside of Bailey's vehicle using his flashlight.  Although no firearm is visible in Sinnott's body worn camera footage, he apparently saw a firearm under the driver's seat.  Sinnott signaled to Cashdollar, who was questioning Bailey, that he'd found something.  Sinnott then walked quickly to the back of the car, aggressively approaches Bailey and asks: "Do you have a concealed carry permit?"  Bailey answers: "yes."  Why did Sinnott ask Bailey if he had a concealed carry permit?  Because he'd just discovered a firearm underneath the driver's seat.

Having been signaled by Sinnott, Cashdollar begins to interrogate Bailey about the presence of a firearm in the vehicle.  Thereafter, Bailey admits that there is a firearm in the vehicle.  Officer Sinnott knows exactly where the firearm is having already seen it when he first searched the car.  He returns to the driver's side of the car, bends down, and retrieves the gun from beneath the driver's seat.  His original search of the vehicle was illegal and the government should be barred from introducing the firearm into evidence.

**PROCEDURAL HISTORY**

Bailey was charged in a two-count indictment filed on September 21, 2022. The first count is for possession of a machine gun in violation of 18 U.S.C. § 922(o). The firearm discovered by the police is not one that a person traditionally thinks of as a "machine gun." It was a handgun – a Glock Model 19 9mm with an auto-sear attached to it.

**ARGUMENT**

Here, the police violated Bailey's constitutional rights under the Fourth and Fourteenth Amendments when they searched his vehicle during a traffic stop. They had no probable cause to search the vehicle nor was the search incident to an arrest. Consequently, the fruits of the illegal search must be suppressed.

There are generally four permissible reasons to search a vehicle after a stop:

1) When the police have probable cause to search the vehicle;
2) When there is a valid search incident to an arrest;
3) When the driver consents to the search; and
4) When the vehicle has been lawfully impounded and there is an inventory search pursuant to routine police department policies.

In this case, none of the four permissible reasons apply.

**1. NO PROBABLE CAUSE TO SEARCH VEHICLE**

The police did not have probable cause to search the vehicle. There are simply no facts to suggest the vehicle contained illegal contraband or evidence of a crime prior to the search. *See United States v. Baker*, 719 F.3d 313, 317 (4th Cir. 2013) (the automobile exception to the warrant requirement permits searches of automobiles "when there is probable cause to believe the vehicle contains contraband or other evidence of criminal activity" (citing *Carroll v. United States*, 267 U.S. 132 (1925)).

### 2. SEARCH INCIDENT TO ARREST

Second, this was not a search incident to an arrest. Police officers may search a vehicle incident to a recent occupant's arrest when "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009). Bailey was not "within reaching distance of the passenger compartment" of the vehicle when Sinnott searched it. He was at the back of the vehicle being questioned by Cashdollar. *See United States v. Patiutka*, 804 F.3d 684, 688 (4th Cir. 2015) ("[P]olice must have probable cause to arrest prior to beginning a search. *See United States v. Han*, 74 F.3d 537, 541 (4th Cir.1996). This requirement ensures that the fruits of a warrantless search will not serve as justification for the arrest. *See*, *e.g.*, *Sibron v. New York*, 392 U.S. 40, 62-63 (1968)."). Second, given the nature of the offense – driving on a suspended license – there can be no argument that the vehicle contained evidence of the offense of arrest.

### 3. NONCONSENSUAL SEARCH

Third, this was not a consensual search. There was nothing about the encounter that was consensual. Nowhere in the body worn camera footage does either officer ask Bailey for permission to search his vehicle. After Sinnott has already illegally searched the vehicle, he and Cashdollar browbeat Bailey into admitting that he has a firearm in the car. Sinnott then walks straight back to the driver's side door and retrieves the firearm from beneath the driver's seat, where he had already seen the firearm. However, that does not make the search consensual.

4. **INVENTORY SEARCH**

Finally, there was no inventory search so this exception simply does not apply.

**FIREARM NOT IN "PLAIN VIEW"**

The government will invariably argue that the firearm was in "plain view," which gave rise to the probable cause. "To justify the warrantless seizure of an item under the plain view doctrine: (1) the seizing officer must be lawfully present at the place from which he can plainly view the evidence; (2) the officer has a lawful right of access to the object itself; and (3) it is immediately apparent that the item seized is incriminating on its face." *U.S. v. Williams*, 41 F.3d 192, 196 (4th Cir. 1994) (citing *Horton v. California*, 496 U.S. 128, 136-37 (1990)). *Accord U.S. v. Walker*, 30 F.3d 132, ___, No. 93-5907 (4th Cir. 1994) (unpublished) ("Here, the firearm was admitted into evidence under the plain view doctrine, which provides that a law enforcement officer may seize evidence without a warrant if: (1) the officer is lawfully located in a place where the evidence is located; (2) the evidence may be plainly seen; and (3) the incriminating nature of the evidence is immediately apparent." citing *Horton v. California,* 496 U.S. 128, 136 (1990)). "The rationale for this doctrine rests on the notion that the Fourth Amendment does not protect expectations of privacy that society does not consider reasonable." *Williams*, 41 F.3d at 196.

Here, the problem with the "plain view" argument is twofold. First, the officers created the view – which was anything but plain -- that allowed them to discover the firearm underneath the driver's seat. Officer Sinnott required Bailey to step out of the car and prevented him from closing the door to his vehicle. Before Sinnott required Bailey to step out of the car, there can be no argument that the firearm was in plain

view. It was totally invisible. Second, even after Bailey steps out of the vehicle, the firearm was not in "plain view." The officer could only see the firearm by actually searching the vehicle and looking under the driver's seat with his flashlight. But that is not what is meant by plain view.

In this case, the plain view doctrine does not apply because the firearm was not "plainly seen." The firearm was stashed underneath the driver's seat of the car and could only be seen by Sinnott when he aimed his flashlight beneath the driver's seat of the vehicle. For this reason, the plain view exception does not apply.

### Inevitable Discovery

Finally, the government will argue that the firearm would have been discovered pursuant to the "inevitable discovery" doctrine after the vehicle was impounded. That argument fails because the video shows that Bailey was taking steps to have the vehicle driven away by a third party after he was arrested. While he ultimately allowed the vehicle to be impounded, it's clear that he would not have done that had the firearm not already been retrieved by the police.

For the reasons stated above, Bailey asks that his Motion to Suppress be granted and the firearm which was discovered pursuant to an illegal search be barred from being introduced into evidence.

Respectfully submitted,

**JORDAN DEANDRE BAILEY**

By: _____**/s/**_____
Christian L. Connell
Bar No. 35009

Attorney for Defendant Jordan D. Bailey
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102
Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to all counsel of record.

By: _____/s/_____
Christian L. Connell
Bar No. 35009
Attorney for Defendant Jordan D. Bailey
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102
Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com